The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: February 10 2012**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 11-35051 |
| | ) | |
| David L. Smith and Linda L. Smith | ) | Chapter 7 |
| | ) | |
| | ) | |
| Debtor(s). | ) | JUDGE MARY ANN WHIPPLE |
| | ) | |

## ORDER

This court held a hearing on February 9, 2011, on Debtors' expedited Motion to Vacate Discharge [Doc. # 22] ("Motion"). Attorney for Debtors appeared by telephone.

Debtors ask to have their Chapter 7 discharges vacated to validate a prospective reaffirmation agreement pertaining to a motor vehicle they leased from Ford Motor Credit Company.

Under Rule 4008(a) of the Federal Rules of Bankruptcy Procedure, reaffirmation agreements "shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a) of the Code." *But see In re Parker,* 372 B.R. 835 (Bankr. W.D. Tex. 2007)(court holds that Rule 4008 conflicts with the statute and must be disregarded, so statutory deadline for filing a reaffirmation agreement is any time before discharge). The deadline for filing reaffirmation agreements in this case was January 17, 2012, which was the first non-weekend day and non-holiday falling 60 days after the meeting of creditors, *see* Fed. R. Bankr. P. 9006(a)(1)(C), (6)(A). Rule 4004(c)(2) also provides a vehicle for delaying the entry of discharge at

the request of a debtor. Fed. R. Bankr. P. 4004(c)(2). No such request was made in this case. Debtors' discharges were then entered on January 25, 2012, although the case remains open for the administration of possible assets. Debtors did not enter into or file a reaffirmation agreement with Ford Motor Credit Company before their discharges were entered and report that their leased motor vehicle has been repossessed. *See* 11 U.S.C. § 365(p)(1).

Rule 4008(a) permits the time for filing reaffirmation agreements to be enlarged "at any time." Fed. R. Bankr. P. 4008(a). Notwithstanding that the filing deadline may be extended at any time, the Bankruptcy Code still requires reaffirmation agreements to be entered into before a debtor's discharge. *See* 11 U.S.C. § 524(c)(1); *In re Golladay*, 391 B.R. 417, 421 (Bankr. C.D. Ill. 2008). The provisions of § 524 governing reaffirmation agreements are generally to be strictly construed. *In re Stewart*, 355 B.R. 636, 639 (Bankr. N.D. Ohio 2006). Both the statute and applicable case law make it clear that a reaffirmation agreement will be unenforceable if it is not made before the granting of a discharge. Even though the Rule 4008 filing deadline problem might still be overcome, any reaffirmation agreement that the parties entered into now would not comply with § 524 and would not be enforceable, regardless whether the filing deadline is enlarged and the document then filed. Debtors want the court to vacate their discharges to address this statutory untimeliness and enforceability problem.

The Motion does not cite authority for the relief requested. The court does not find a statutory or other basis to vacate a discharge at the request of a debtor in order to enter into a reaffirmation agreement. As most other bankruptcy judges who have addressed this issue have held, including at least one in this district, the Bankruptcy Code does not contain any provisions authorizing vacation of a discharge under these circumstances. *E.g., In re Stewart*, 355 B.R. at 638-39; *In re Nichols*, Case No. 10-01323, 2010 Bankr. LEXIS 4019, *5 (Bankr. N.D. Iowa, Nov. 29, 2010)(Surveying various Bankruptcy Code provisions, court concludes that "[t]here is no bankruptcy code provision allowing debtors to set aside the discharge, or allowing discharges to be set aside to reaffirm a debt."); *In re Clark*, Case No. 8-10-73746-reg, 2010 Bankr. LEXIS 4964, *12-*14 (Bankr. E.D. N.Y. Dec. 21, 2010). Nor does Rule 9024 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 60 of the Federal Rules of Civil Procedure, provide grounds for relief in this instance. The entry of Debtors' discharges did not occur by mistake and no extraordinary circumstances have been shown to justify vacation, particularly where there is a potential alternative remedy with respect to leased motor vehicles under 11 U.S.C. § 365(p). The omission of the lease and lease creditor from Debtors' Form B8 did not prevent negotiation or filing of a reaffirmation

agreement in any respect, and the alleged omission occurred in November 2011 when the case was filed, more than two months before the discharges were entered. Overall this court finds persuasive the reasoning of the majority of other courts that have addressed this issue, as fairly represented by the cases cited above, and will therefore deny the Motion as it has other motions raising the same issue. *See, e.g., In re Otto,* Case No. 09-36014, Dec. 28, 2010, Order Denying Motion to Reopen (available on court website).

**IT IS THEREFORE ORDERED** that Debtors' Motion to Vacate Discharge [Doc. # 22] is hereby **DENIED.**